IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |
|---|---|
| TABATHA HAMM,<br><br>       Plaintiff,<br>V.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of the Social<br>Security Administration,<br><br>       Defendant. | Civil Case No. 1:21-cv-00532 |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Cross-Motions for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

Plaintiff is seeking a review of the Social Security Commissioner's ("Commissioner") final decision denying her claim for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Plaintiff applied for SSI on January 18, 2019, alleging disability due to bipolar disorder, depression, asthma, restless leg syndrome, insomnia, and seizures. Her application was denied initially and on reconsideration. An administrative law judge ("ALJ") held a hearing to reconsider her application and issued a decision finding that Plaintiff was not disabled. The Social Security Appeals Council denied Plaintiff's request for review. Plaintiff

then filed an appeal before this Court. Plaintiff and Defendant filed Cross-Motions for Summary Judgment. This Court finds there are no material facts in dispute and that the Commissioner's final decision should be affirmed.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Judicial review of the Commissioner's final decision is limited to assessing whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Review is highly deferential, however, and the Court "do[es] not undertake to reweigh conflicting

evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id*.

In this case, Plaintiff's appeal of the ALJ's decision does not survive a motion for summary judgment. Substantial evidence in the administrative record supports the Commissioner's final decision that Plaintiff was not disabled within the meaning of the Social Security Act. The claimant bears the burden of showing not only that she has a medically determinable impairment, but also that the impairment is so severe that it prevents her from engaging in any substantial, gainful activity existing in the national economy. 42 U.S.C. § 423(d)(1)(A), (d)(2)(A). The claimant also bears the burden of producing the evidence used to determine her claim. 20 C.F.R. § 416.945(a)(3). The Social Security Act places a burden on the Commissioner to abstain from making a disability determination "until the Commissioner of Social Security has made every reasonable effort to ensure…in any case where there is evidence which indicates the existence of a mental impairment, that a qualified psychiatrist or psychologist has completed the medical portion of case review[.]" 42 U.S.C. § 421(h). The administrative record

3

shows that every reasonable effort was made by the Commissioner to gather evidence from Plaintiff, and she did not cooperate.

Plaintiff argues the ALJ's decision is not supported by substantial evidence because the record did not contain a Mental Residual Functional Capacity ("RFC") Assessment of Plaintiff. However, the record lacked a Mental RFC Assessment because of Plaintiff's failure to cooperate with the state agency at both the initial and reconsideration levels of review. Pursuant to the Social Security Act, it was Plaintiff's burden to take the necessary steps to initiate and undergo a Mental RFC Assessment as evidence for her claim, not the Commissioner's burden. 20 C.F.R. § 416.945(a)(3).

The Agency properly followed up with Plaintiff on requests for medical and non-medical sources of evidence. The Agency informed Plaintiff that she needed to complete forms to process her claim by a set date, that it was Plaintiff's responsibility to furnish such evidence supporting her claim, and that failure to complete the forms could result in an unfavorable decision. Plaintiff failed to produce the requisite forms by the Agency's deadline, despite the Agency attempting to contact Plaintiff and giving Plaintiff additional days to submit the forms. However, Plaintiff failed to submit any forms.

As a result of Plaintiff's failure to submit the required forms and evidence supporting her claim, as was her burden, a

4

state agency psychologist reviewing the record could not fully assess Plaintiff's mental impairments and could not offer an opinion regarding the severity of her impairments and their effect on Plaintiff's ability to perform work-related activities. For that reason, the agency was required to base its determination on the existing evidence in Plaintiff's file and found that Plaintiff was not disabled at the initial level of review. After Plaintiff requested reconsideration, an agency employee again reminded Plaintiff that if the forms were not received, the state agency would have to decide based on the evidence in the record, which could result in an unfavorable decision. Once again, Plaintiff did not submit the required information and the psychologist for reconsideration concluded that there was insufficient evidence to fully evaluate Plaintiff's claim. The agency denied Plaintiff's request for reconsideration noting Plaintiff failed to provide additional evidence despite the agency's multiple requests, and that the agency therefore made its determination based on the existing evidence in the file indicating that Plaintiff was not disabled.

Despite Plaintiff's failure to cooperate with the state agency's multiple requests, the medical record before the ALJ was more than sufficient to support the decision denying Plaintiff's disability claim. The ALJ is not required to obtain an expert medical opinion assessing the RFC. *Felton-Miller v.*

5

*Astrue*, 459 F. App'x 226, 231 (4th Cir. 2011) (holding that ALJ need not base RFC on a medical opinion but may base it on the record as a whole). Making a "reasonable effort" to ensure that a state agency psychologist completes the medical portion of case review does not mandate the presence of a state agency opinion at the ALJ level. Cf. 20 C.F.R. § 416.913a. Furthermore, an ALJ is never required to order a consultative examination but may obtain a consultative examination when the total evidence is insufficient to support a decision. § 416.919a.

Here, the medical record before the ALJ was more than sufficient to support a decision on Plaintiff's claim even without a consultative examination. The record included more than 2,900 pages of medical records, vocational expert testimony, and testimony from Plaintiff. Thus, this Court's review shows the Commissioner's decision denying disability is supported by substantial evidence.

For the foregoing reasons, the Court finds Defendant's Motion for Summary Judgment should be GRANTED, Plaintiff's Motion for Summary Judgment should be DENIED, and the Social Security Commissioner's decision that Plaintiff is disabled is AFFIRMED.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
April 26, 2022

6